UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHAHEDA RIZVI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-2011 (RMC) |
| RICHARD P. McCLURE, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

Shaheda Rizvi brought this suit against Richard McClure, alleging that her due process rights were violated when a Massachusetts county court rendered default judgment against her. In that suit, the plaintiff who brought suit against Ms. Rizvi was represented by Mr. McClure. Because this case is barred by *res judicata*, this Court lacks jurisdiction and the case will be dismissed.

I. FACTS

This suit arises from a default judgment rendered against Ms. Rizvi in Massachusetts. *See* Pl.'s Mot. for J. on Pleadings [Dkt. # 6], addendum 6, default judgment in *NRT New England, Inc. v. Shaheda Rizvi,* Civ. No. 06-2253 (Mass. Superior Ct., Middlesex Cty., June 25, 2007). In that case, NRT New England, Inc. d/b/a/ Coldwell Banker Residential Brokerage brought suit against Ms. Rizvi alleging breach of an exclusive right-to-sell brokerage agreement on her property in Groton, Massachusetts. The Massachusetts Superior Court entered a default judgment in the amount of $5,309 plus interest, to cover attorney's fees and costs as provided by the contract. *Id*. In support of the request for default judgment, NRT's counsel, Richard McClure, filed an affidavit of attorney

fees.  Pl.'s Mot. for J. on Pleadings [Dkt. # 6], addendum 5.  *See* Mass. Rules of Civ. P. 55(a) (a party who has failed to plead or otherwise defend may be defaulted).

Ms. Rizvi filed an appeal to the Commonwealth of Massachusetts Appeals Court, and the Appeals Court affirmed the entry of default judgment.  *See NRT New England, Inc. v. Shaheda Rizvi*, Case No. 07-P-1479, Mass. App. Ct. (Mem. Op. & Order filed Nov. 10, 2008) (attached to Def.'s Mot. to Dismiss).  On appeal, Ms. Rizvi complained that the default was in error because she had defended the breach of contract claim, as evidenced by her objections to a motion for attachment of real estate and by an unfiled counterclaim.   The Massachusetts Appeals Court reviewed Ms. Rizvi's objections to the attachment and found that Ms. Rizvi "filed no formal answer or pleading. Rather, she filed a series of documents that neither constituted an answer to the complaint nor amounted to a coherent defense of the suit filed against her." *Id*. at 2.  She admitted in an affidavit that she signed the exclusive right-to-sell agreement at issue in the case, and then merely alleged countercharges:  that NRT failed to bring offers or viewers to her property, that NRT was engaged in harassing her, and that NRT should be liable for malicious lies and misrepresentation of character. *Id*. at 4.  The Appeals Court found:

> It does not appear here that [Ms. Rizvi] "otherwise defended" — at least in any coherent or recognizable sense.  She essentially admitted many of the key averments in the complaint, only then digressing into other matters and complaints.  She asserted no recognizable affirmative defenses, and her unfiled counterclaim more or less amounts to a record of gripes and unsupported claims. . . . We see no abuse of discretion by the motion judge in entering a default judgment . . . .

*Id*. at 6.

Ms. Rizvi filed an amended complaint in this Court, challenging the same default

judgment and alleging that her due process rights were violated. *See* Am. Compl. [Dkt. # 2]. Mr. McClure moves to dismiss based on *res judicata*. Ms. Rizvi objects to dismissal and seeks judgment on the pleadings.

## II. LEGAL STANDARDS

Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Apotex Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). "*Res judicata* plays a central role in advancing the 'purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153-54. In short, the doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Comms. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting the Restatement (Second) of Judgments ch. 1 at 6 (1982) (emphasis added)).

The four *res judicata* elements traditionally applied by this Court are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action. *See, e.g.*, *Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 29 (D.D.C. 2001); *see also U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985). Courts find that there is "an identity of the causes of action" where the cases are based on the "same nucleus of facts." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984).

The defense of *res judicata* is jurisdictional in character. *Stanton v. Dist. of Columbia Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). Thus, a motion for dismissal based on *res judicata* properly falls under Federal Rule of Civil Procedure 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). To determine whether it has jurisdiction over a claim, a court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III. ANALYSIS

In this case, Ms. Rizvi has failed to establish that the Court has jurisdiction. Jurisdiction is lacking because the suit is barred by *res judicata*. This suit, alleging that the attorney who represented the plaintiff in the Massachusetts case interfered with Ms. Rizvi's right of due process, fails because a final default judgment was rendered by the Middlesex County Court. Ms. Rizvi appealed, alleging denial of due process, and the Massachusetts Appeals Court affirmed the default judgment. The Appeals Court noted that Ms. Rizvi admitted that she signed the exclusive right-to-sell agreement at issue, and she failed to answer or otherwise defend the breach of contract suit against her. *NRT New England,* Civ. No. 06-2253 at *2 & 4. Ms. Rizvi already has had a full and fair opportunity to litigate this matter, and she "ought not to have another chance to do so." *SBC Comms.*, 407 F.3d at 1229.

### IV. CONCLUSION

For the reasons set forth above, Mr. McClure's motion to dismiss will be granted

[Dkt. # 8], and Ms. Rizvi's motion for judgment on the pleadings [Dkt. # 6] will be denied. All other pending motions will be denied as moot. A memorializing order accompanies this Memorandum Opinion.

Date: February 17, 2009                              /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge